UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULETTE B. NOLAN, )<br>on behalf of herself and all others )<br>similarly situated, )<br>               Plaintiff )<br>)<br>v. )<br>)<br>J.A. CAMBECE LAW OFFICE, P.C. and )<br>J. ANTHONY CAMBECE, )<br>               Defendants )  | Civil Action No. |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations applicable to attorneys engaged in consumer debt collection which "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 940 CMR 7.01.

In this action, plaintiff contends that defendant law firm made unlawful telephone calls to her and pursued unlawful collection activity against her, for which she is entitled to damages. She further contends that a standard collection letter sent to her by the firm was deceptive and unfair in violation of both federal and state law, for which she seeks redress on behalf of herself and similarly situated Massachusetts consumers.

**Parties**

1. Plaintiff Paulette B. Nolan is an individual who at all relevant times has resided in Barnstable County, Massachusetts.

2. Defendant J. A. Cambece Law Office, P.C.("Firm") is a professional corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Peabody, Essex County, Massachusetts.

3. Defendant J. Anthony Cambece ("Cambece") is an individual and licensed Massachusetts attorney who, on information and belief, is the president and principal shareholder of defendant J. A. Cambece Law Office, P.C.

4. Defendants are "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and at all relevant times have been engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A, §1.

**Jurisdiction and Venue**

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

7. The Firm sent plaintiff a letter dated July 25, 2007 indicating that the Firm had been retained to collect a consumer debt allegedly owed to CACV of Colorado, LLC. The letter stated in pertinent part: "At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account." A true copy of said letter is appended hereto as Exhibit A.

8. On July 30, 2007, plaintiff retrieved a message left by the Firm on her home answering machine. The message stated that the caller's name was "Andrea" and that she was a non-attorney collection representative employed by the Firm, and requested a return call as soon as possible. At the time plaintiff played said message guests were present in her home and heard the message. During the next 2 weeks the calls became so frequent that plaintiff paid for a service which would block the numbers from which the Firm was calling. After a short while the Firm began using different numbers to call plaintiff.

9. On August 7, 2007, plaintiff responded in writing to the Firm's July 25 letter by requesting validation of the alleged debt. A true copy of said request is attached hereto as Exhibit B. However, no verification of the debt was forthcoming. Instead, the Firm sent Ms. Nolan a second letter dated August 14, 2007 indicating that she had been approved for a monthly payment arrangement. A true copy of said letter is appended hereto as Exhibit C.

10. On or about August 31, 2007, the Firm left a message on plaintiff's answering machine in which the caller identified himself as an employee of the Firm and further

stating that the Firm is a debt collector. On this occasion guests were present in plaintiff's home, and they heard the message.

11. On or about October 5, 2007, plaintiff was served with notice of an arbitration claim which the Firm commenced against her on behalf of CACV of Colorado, LLC. Plaintiff retained legal counsel to represent her in the arbitration proceeding, which ultimately was resolved in her favor.

### **Individual Claims - FDCPA**

### **COUNT I**

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. The Firm's letter of August 14, 2007, the arbitration proceeding, and all calls made to plaintiff after her request for validation was received by the Firm were all unlawful. since section 1692g(b) of the FDCPA required the Firm to cease all collection efforts until verifying the debt.

14. As direct results of the Firm's unlawful conduct, plaintiff suffered financial loss, inconvenience, embarrassment, anxiety, and emotional distress.

WHEREFORE, plaintiff prays for judgment against the Firm awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

### **COUNT II**

15. The allegations of paragraphs 1 -11 are incorporated herein as if fully set forth.

16. The frequency of the Firm's phone calls violated section 1692d(5) of the FDCPA.

17. As direct results of the Firm's unlawful conduct, plaintiff suffered emotional distress and mental anguish.

WHEREFORE, plaintiff prays for judgment against the Firm awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

### COUNT III

18. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

19. The messages left for plaintiff on July 30 and August 31, 2007 which were overheard by her guests violated section 1692c(b) of the FDCPA.

20. As direct results of the Firm's unlawful conduct, plaintiff suffered embarrassment, emotional distress, and mental anguish.

WHEREFORE, plaintiff prays for judgment against the Firm awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

### Individual Claims – G.L. c. 93A

### COUNT IV

21. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

24. The Firm's letter of August 14, 2007, the arbitration proceeding, and all calls made to plaintiff after her request for validation was received by the Firm were unlawful under G.L. c. 93A since they violated section 1692g(b) of the FDCPA, which required the Firm to cease all collection efforts until verifying the debt.

25. The Firm's misconduct as aforesaid was willful and knowing.

26. As direct results of the Firm's unlawful conduct, plaintiff suffered financial loss, inconvenience, embarrassment, anxiety, and emotional distress.

27. On April 16, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

28. The Firm received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

29. The Firm's failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment against the Firm awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

### COUNT V

30. The allegations of paragraphs 1 -20 are incorporated herein as if fully set forth.

31. The frequency of the Firm's phone calls violated section 1692d(5) of the FDCPA and G.L. c. 93, §49, hence G.L. c. 93A..

32. The Firm's misconduct as aforesaid was willful and knowing..

33. As direct results of the Firm's unlawful conduct, plaintiff suffered emotional distress and mental anguish.

34. On April 16, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

35. The Firm received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

36. The Firm's failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment against the Firm awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT VI

37. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

38. The messages left for plaintiff on July 30 and August 31, 2007 which were overheard by plaintiff's guests violated section 1692c(b) of the FDCPA, G.L. c. 93, §49, and G.L. c. 93A.

39. The Firm's unlawful conduct as aforesaid was willful and knowing.

40. As direct results of the Firm's unlawful conduct, plaintiff suffered embarrassment, emotional distress, and mental anguish.

41. On April 16, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

42. The Firm received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

43. The Firm's failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment against the Firm awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## **Class Action Claims - FDCPA**

### **COUNT VII**

44. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

45. The language in the Firm's letter of July 25, 2007 letter as described in paragraph 7, above, was false, misleading and/or deceptive in violation of 15 U.S.C. §1692e because, on information and belief, the particular circumstances of plaintiff's account had in fact been reviewed by an attorney prior to the sending of the letter.

46. Cambece was personally involved in formulating, implementing, and/or ratifying the unlawful language utilized in the Firm's letter.

### **COUNT VIII**

47. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

48. The language in the Firm's letter of July 25, 2007 as described in paragraph 7, above, was false, misleading, and/or deceptive in violation of 15 U.S.C. §1692e because at the time the letter was sent the Firm knew whether or not plaintiff's account had been personally reviewed by an attorney, yet did not disclose same.

49. Cambece was personally involved in formulating, implementing, and/or ratifying the unlawful language utilized in the Firm's letter.

### **COUNT IX**

50. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

51. The language in the Firm's letter of July 25, 2007 as described in paragraph 7, above, was an unfair means of attempting to collect a debt in violation of 15 U.S.C. §1692f. The ambiguity regarding plaintiff's account status conveyed by defendant's statement was designed to, and does, unfairly create pressure on the consumer to contact the Firm in the

hope of avoiding an attorney review, where either an attorney review had already occurred and/or the Firm knew whether such review had already occurred.

52. Cambece was personally involved in formulating, implementing, and/or ratifying the unlawful language utilized in the Firm's letter.

### Class Allegations

53. Plaintiff brings counts VII, VIII and IX of this complaint on behalf of herself and a class of persons similarly situated. Class members are all Massachusetts residents to whom the Firm sent a letter concerning a consumer debt within one year prior to the filing of this complaint, which letter contained the identical (or substantially similar) language set forth above in paragraph 7, above, and was not returned as undeliverable. Excluded from each class are defendants and all current and former officers, directors, employees, and agents of the Firm. Since Exhibit A is a form letter, and on information and belief thousands of new accounts are placed for collection with the Firm each year, the class is sufficiently numerous such that joinder is impracticable.

54. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA; whether the letter violates the FDCPA as alleged; and whether there is a basis for joint and several liability.

55. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

56. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected

counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

57. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

> WHEREFORE, plaintiff prays that this Honorable Court:
>
> (i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;
>
> (ii) appoint plaintiff as class representative and the undersigned as class counsel;
>
> (iii) award plaintiff and class members statutory damages against defendants, jointly and severally;
>
> (iv) award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;
>
> (v) award such further relief as shall be just and proper.

## Class Claims – G.L. c. 93A

### COUNT X

58. The allegations of paragraphs 1 – 57 are incorporated herein as if fully set forth.

59. The language in the Firm's letter of July 25, 2007 letter as described in paragraph 7, above, was false, misleading and/or deceptive in violation of the FDCPA, G.L. c. 93, §49, and G.L. c. 93A because, on information and belief, the particular circumstances of plaintiff's account had in fact been reviewed by an attorney prior to the sending of the letter.

60. Cambece was personally involved in formulating, implementing, and/or ratifying the unlawful language utilized in the Firm's letter.

61. On April 16, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

62. The Firm received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

63. The Firm's failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

## COUNT XI

64. The allegations of paragraphs 1 – 63 are incorporated herein as if fully set forth.

65. The language in the Firm's letter of July 25, 2007 as described in paragraph 7, above, was false, misleading, and/or deceptive in violation of the FDCPA, G.L. c. 93, §49 and G.L. c. 93A because at the time the letter was sent the Firm knew whether or not plaintiff's account had been personally reviewed by an attorney, yet did not disclose same..

66. Cambece was personally involved in formulating, implementing, and/or ratifying the unlawful language utilized in the Firm's letter.

67. On April 16, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

68. The Firm received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

11

69. The Firm's failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

## COUNT XII

70. The allegations of paragraphs 1 – 69 are incorporated herein as if fully set forth.

71. The language in the Firm's letter of July 25, 2007 as described in paragraph 7, above, violated the FDCPA and G.L. c. 93A because it is designed to, and does, unfairly create pressure on the consumer to contact the Firm in order to avoid an attorney review, when such an attorney review had already occurred and/or the Firm knew whether such review had already occurred.

72. Cambece was personally involved in formulating, implementing, and/or ratifying the unlawful language utilized in the Firm's letter.

73. On April 16, 2008, plaintiff – through counsel – sent defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

74. The Firm received plaintiff's demand but did not make a reasonable written tender of settlement within 30 days of receipt.

75. The Firm's failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A

### Class Allegations

76. Plaintiff brings counts X, XI and XII of this complaint on behalf of herself and a class of persons similarly situated. Class members are all Massachusetts residents to whom the Firm sent a letter concerning a consumer debt within 4 years prior to the filing of this complaint, which letter contained the identical (or substantially similar) language

set forth above in paragraph 7, above, and was not returned as undeliverable. Excluded from each class are defendants and all current and former officers, directors, employees, and agents of the Firm. Since Exhibit A is a form letter, and on information and belief thousands of new accounts are placed for collection with the Firm each year, the class is sufficiently numerous such that joinder is impracticable.

77. Class members are similarly situated due to the common issues of fact and law. Common issues include whether defendants are engaged in trade or commerce in Massachusetts, whether defendants violated G.L. c. 93A as alleged, and whether there is a basis for joint and several liability.

78. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

79. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

80. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

      WHEREFORE, plaintiff prays that this Honorable Court:

      (i)     certify plaintiff's claims pursuant to G.L. c. 93A, §9;

(ii)    appoint plaintiff as class representative and the undersigned as class counsel;

(iii)   enjoin defendants from continuing to employ the unlawful language complained of in letters send to consumer debtors;

(iv)    award plaintiff and class members statutory damages against defendants, jointly and severally;

(v)     award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v)     award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

        PAULETTE B. NOLAN
        By her attorney:

        */s/Kenneth D. Quat*
        BBO #408640
        QUAT LAW OFFICES
        9 Damonmill Square, Suite 4A-4
        Concord MA 01742
        978-369-0848
        kquat@quatlaw.com